T.C. Memo. 2014-91

UNITED STATES TAX COURT

JACOB LUSTIG AND CYNTHIA LAM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3729-13.                    Filed May 19, 2014.

Jeffrey Marc Weiss, for petitioners.

Sarah E. Sexton, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge:  Respondent issued a notice of deficiency on December 4,
2012, determining deficiencies in petitioners' Federal income tax of $9,508,
$11,330, and $15,854 for 2008, 2009, and 2010, respectively, and accuracy-related
penalties under section 6662(a) related to tax years 2008, 2009, and 2010 of

**[*2]** $1,902, $2,266, and $3,171, respectively.[1]  The only issue remaining for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalties by reason of any substantial understatement of income tax or negligence or disregard of rules or regulations.  We hold that they are.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Alameda, California, at the time they filed their petition.

Petitioner wife (Ms. Lam) held a 50% interest in the Islanders Associates, LLC (Islanders), during the years at issue.  Islanders owned a building with several rental units and employed a property manager to advertise and collect rents.  Because of her ownership interest in Islanders, Ms. Lam was aware that rental income is includible in gross income.

Petitioners' residential property includes a cottage behind their house (cottage).  Petitioners rented out the cottage and received rental payments of

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

**[*3]** $14,070 in tax year 2008, $14,400 in tax year 2009, and $14,400 in tax year 2010. Petitioners failed to report any of the income received from the cottage rental on their 2008, 2009, and 2010 tax return.

Petitioners hired tax return preparers to prepare and file their 2008, 2009, and 2010 returns. Petitioners employed Stanley Pollock to prepare their 2008 return and Amir Zarrati to prepare their 2009 and 2010 returns. Petitioners tracked business expenses and receipts related to Islanders in QuickBooks which they then gave in Excel spreadsheet form to Mr. Pollock for 2008 and Mr. Zarrati for 2009 and 2010. Petitioners never gave either Mr. Pollock or Mr. Zarrati any information relating to the rental income from the cottage. Consequently, neither Mr. Pollock nor Mr. Zarrati included this income in the preparation of petitioners' tax returns. At trial Ms. Lam testified that she did not review these tax returns before filing them with the Internal Revenue Service.

Petitioners filed a timely petition with this Court arguing that they were not liable for the section 6662(a) accuracy-related penalties for 2008, 2009, and 2010. The parties filed a stipulation of settled issues in which petitioners conceded that they were liable for the tax deficiencies determined in respondent's notice of deficiency for all three tax years. They also agreed that they (i) were not entitled to certain deductions but were entitled to some additional deductions, (ii) had

**[\*4]** failed to report rents received from the cottage, and (iii) had failed to report State and local income tax refunds. The stipulation left unresolved petitioners' liability for the section 6662(a) penalties. A trial on the penalty issues was held on February 11, 2014, in San Francisco, California.

OPINION

With respect to any penalty, section 7491(c) imposes the burden of production on the Commissioner. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To fulfill this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446. Once the Commissioner has met this burden, the taxpayer bears the burden of proving that the penalty is inappropriate because, for example, the taxpayer acted with reasonable cause and in good faith. Higbee v. Commissioner, 116 T.C. at 447.

Section 6662(a) imposes a 20% penalty on an underpayment of tax attributable to any of the causes listed in subsection (b). These causes include "(1) Negligence or disregard of rules or regulations" and "(2) Any substantial understatement of income tax." Sec. 6662(b)(1) and (2). A substantial understatement is defined as any understatement exceeding the greater of "(i) 10 percent of the tax required to be shown on the return for the taxable year, or (ii)

[*5] $5,000." Sec. 6662(d)(1). "Negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990). The term "negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Respondent determined that petitioners are liable for section 6662(a) penalties both because they substantially understated their income tax for the years in issue and also because the underpayments were due to negligence or disregard of rules or regulations.

The penalty under section 6662(a) does not apply with respect to any portion of an underpayment if the taxpayer can demonstrate that the taxpayer (1) had reasonable cause for such portion and (2) acted in good faith with respect to such portion. Sec. 6664(c)(1). The regulations provide that reasonable cause and good faith are determined on a case-by-case basis, taking into account all pertinent facts and circumstances:

**[\*6]** Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. * * * Reliance on * * * professional advice * * * constitutes reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. * * *

Sec. 1.6664-4(b)(1), Income Tax Regs. To establish good faith and reasonable cause through reliance on professional advice the taxpayer must show that "(1) [t]he adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment." Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioners' failure to report rental income from the cottage constitutes negligence. Additionally, petitioners failed to review their tax returns before filing them. Petitioners and respondent stipulated that petitioners were not entitled to certain deductions claimed on their 2008, 2009, and 2010 returns. Because respondent has met his burden of establishing petitioners' negligence, we need not

[*7] determine whether there was a substantial understatement of income tax for purposes of the section 6662(a) penalty. See sec. 1.6662-2(c), Income Tax Regs.

Petitioners argue the penalties should be waived because they acted in good faith in preparing and filing their 2008, 2009, and 2010 tax returns. However, Ms. Lam conceded that she and her husband did not review those tax returns. Ms. Lam stated throughout the trial that she and her husband (i) were too busy to review the returns, (ii) assumed the returns were prepared accurately, and (iii) were ignorant as to the legal requirements for filing their returns. Petitioners essentially argue that they relied on their tax return preparers and their good-faith reliance on the preparers should negate the section 6662(a) penalties.

Without more than Ms. Lam's self-serving testimony, we find that petitioners have not overcome their burden of proving reasonable cause and good-faith reliance on a tax preparer. Ms. Lam knew rental income was includable in gross income by virtue of her ownership stake in Islanders. In addition to other items of unreported income, such as the State and local income tax refunds, petitioners never provided their tax return preparers with any information related to the rental income generated from the cottage. Thus, petitioners did not rely in good faith on their tax return preparers since they did not give the preparers all of

**[\*8]** the necessary information related to their gross income.  Moreover, petitioners admit they did not review the returns for accuracy before filing them.

Accordingly, the Court sustains respondent's determination that petitioners are liable for section 6662(a) accuracy-related penalties for their 2008, 2009, and 2010 tax years.  In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.